**Bing Fan CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**Docket No. 06–1788–AG.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Michael Brown, New York, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney, Northern District of New York, Paul D. Silver, Assistant United States Attorney, Brenda Sannes, Senior Litigation Counsel, Albany, NY, for Respondent.

Present: CHESTER J. STRAUB, ROBERT D. SACK, BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Bing Fan Chen, a native and citizen of the People's Republic of China, seeks review of a March 30, 2006 order of the BIA affirming the November 2, 2004 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Chen's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bing Fan Chen,* No. A79 682 943 (Mar. 30, 2006), *aff'g* No. A79 682 943 (Immig. Ct. N.Y. City Nov. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will

vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 401–02 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 160–63 (2d Cir.2006).

■ Substantial evidence supports the IJ's finding that Chen's omission from her asylum application-that she was arrested for her Christian activities—was "critical" and went to the "core" of her claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). Because Chen's asylum claim was based solely on religious persecution, information regarding her arrest for preaching the Bible and recruiting others was not only relevant, but was the only evidence indicating that Chen was personally persecuted. Chen explained that she did not include her arrest in her asylum application because she thought she would detail the event during her hearing. The IJ properly referenced and discredited this explanation in her oral decision, reasonably concluding that it was unlikely that Chen left the arrest out of her application with the intention of expanding on it during the hearing, especially given the significance of the event and the fact that she mentioned her father's arrest instead. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

The IJ also properly relied on Chen's lack of corroboration. In particular, the IJ reasonably found suspicious that Chen failed to submit statements from those people having personal knowledge of her claim, *i.e.* her sister, who was currently residing in the United States and who also experienced the alleged persecution in China. *See Xiao Ji Chen,* 434 F.3d at 164.

■ However, notwithstanding the propriety of the adverse credibility determination with respect to past persecution, the IJ and BIA both incorrectly concluded, without further analysis, that even assuming Chen was a practicing Christian, she had no basis for a well-founded fear of future persecution on that ground alone. In *Paul v. Gonzales,* 444 F.3d 148, 154–55 (2d Cir.2006), we specifically rejected such reasoning, and found that the agency was required to address independently a claim of well-founded fear based on future persecution. Here, however, that requirement was met. Absent a showing of past persecution, "an applicant does not have a well-founded fear of future persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... if, under all the circumstances, it would be reasonable to expect [her] to do so." 8 C.F.R. § 1208.13(b)(2)(ii). The IJ noted that Chen's parents have moved to another part of China and have not had any problems with the government since relocating. Chen did not present any evidence, either through testimony or documentary support, that she would be unable to relocate. Therefore, the IJ reasonably determined that Chen could relocate to another part of China with her parents in order to avoid persecution.

Because Chen failed to meet the burden of proof for her asylum claim, the IJ correctly found that she also failed to meet the higher burden for withholding on the same basis. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Finally, because Chen does not meaningfully argue her CAT claim in her brief to this Court, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.